OPINION
This timely appeal arises out of a jury verdict in the Monroe County Court of Common Pleas finding Dennis Marks, aka Dennis Warren ("Appellant"), guilty of one county of felony theft and one count of burglary. Appellant argues that the trial court improperly excluded videotape evidence of experiments relevant to whether he made a phone call within the victim's home during the crime. Appellant also alleges that the trial court failed to consider all of the proper felony sentencing considerations listed in R.C. § 2929.12. For the following reasons, we affirm the conviction but remand the case for resentencing.
On September 22, 1997, Appellant was indicted on one count of burglary in violation of R.C. § 2911.12(A)(2), a second degree felony, and one count of theft in violation of R.C. § 2913.02, a fourth degree felony. Appellant was accused of breaking into the home of Nicholas and Jennifer Dobbs in Lewisville, Ohio, and of stealing two antique firearms, a car battery and a gas can. The stolen items have not been recovered. The crime occurred in the morning of May 29, 1997, after the victims had already left to take their son to a babysitter and to go to work. (2/18/99 Tr. Vol. I, 33). When the victims returned home that evening, they were alerted that someone had been in the house because of grass stains on the carpet. (Id. at 34).
They also received a phone call that same evening from Ms. Teena Maine, who testified at trial that at the time of the crime she and Appellant were living together. (Id. at 108). Ms. Maine called the Dobbs because their phone number was recorded on her "caller I.D." machine at 7:04 a.m. that morning. (Id. at 115). Her caller I.D. automatically recorded the phone numbers of all incoming calls and displayed those numbers on a flashing screen. (Id. at 114). Ms. Maine had an unlisted phone number, did not know the Dobbs, and did not recognize their phone number on her caller I.D. (Id. at 115). When she called Mrs. Dobbs that evening, Mrs. Dobbs stated that she did not know why their number was on her caller I.D. and that she and her husband were not home at 7:04 a.m. (Id. at 116-117).
Appellant admitted at trial that he was having battery problems with his car and that his car broke down near the victims' home. (Tr. Vol. III, 35-39). Dennis Johnson, a neighbor of the Dobbs, testified that he helped jump start Appellant's car at approximate 7:25 a.m. on the morning of the crime. (Tr. Vol. II, 45, 48). Mr. Johnson's house was located about three-tenths of a mile from the victims' house, and Appellant's car was broken down about halfway between the two houses. (Id. at 48). Mr. Johnson saw two car batteries in the engine compartment of the car. One of them was the same brand of battery stolen from the Dobbs' residence. (Id. at 40, 51).
Appellant also admitted at trial that he called Teena Maine at 7:04 a.m. on the morning of the crime. (Tr. Vol. III, 67). Appellant's theory as to how the Dobbs' phone number ended up on Ms. Maine's caller I.D. is as follows: an unidentified man in a red Chevy pickup truck drove up while Appellant was waiting at his car; the man handed Appellant a portable phone handset; this phone was connected to a phone line in the Dobbs' residence; and Appellant used the phone at 7:04 a.m. to call Ms. Maine to tell her he was not going to work because his car broke down. (Id. at 10, 40-42, 67). Appellant testified as to experiments he had done to test whether a portable handset could transmit a signal from the point his car was broken down to the Dobbs' house. (Id. at 49-52, 86-88). The court sustained Appellee's objection to the admission of a videotape of the telephone transmission experiments. (Id. at 91). The record reflects that the victims did not own a portable phone. (Tr. Vol. I, 38).
On February 20, 1999, the jury found Appellant guilty of theft, a fourth degree felony, and of a lesser included count of burglary, a third degree felony. On March 8, 1999, the court sentenced Appellant to maximum and consecutive sentences for the two convictions; five years in prison for the burglary count, and eighteen months in prison for theft. This timely appeal followed.
Appellant's first assignment of error states:
 "The Trial Court erred when not permitting the Defendant-Appellant to introduce evidence with respect to tests and experiments performed on cordless telephones."
Appellant argues that the trial court should have allowed the jury to see the videotape of the telephone experiments because the videotape may have created a reasonable doubt as to whether Appellant made a phone call to Ms. Maine from within the victims' house. Appellant conjectures that the most damaging piece of evidence against him was the caller I.D. number on Ms. Maine's phone. Appellant contends that the trial court prevented him from adequately explaining how the victims' phone number appeared on Ms. Maine's caller I.D. and that the videotape may have been the difference between a guilty and not guilty verdict. Appellant does not cite to any evidentiary rule or caselaw to support his argument.
Appellee argues that evidence of test results may be admissible, at the trial court's discretion, only if the conditions under which the test occurred are the same or similar to the original circumstances at issue in the trial and if the test results aid the trier of fact in determining the case. St. Paul Fire Marine Ins. Co. v. Baltimore Ohio RR. Co. (1935), 129 Ohio St. 401.
Appellee is correct that the allowance or exclusion of demonstrative or experimental evidence is left to the sound discretion of the trial court. Vogel v. Wells (1991), 57 Ohio St.3d 91, 95; State v. Bates
(1976), 48 Ohio St.2d 315, 321; State v. Jackson (1993),86 Ohio App.3d 568, 570; State v. Farley (Dec. 21, 1999), Columbiana App. No. 95 CO 57, unreported. For an experiment to be admissible, it must be shown that: "(1) the experiment is relevant, (2) the experiment is conducted under substantially similar conditions as those of the actual occurrence, and (3) the evidence of the experiment does not consume undue time, confuse the issues, or mislead the jury." Jackson, supra, at 571. Conditions need only be substantially similar, rather than identical, for experimental evidence to be admissible. Id. at 570-571. The determination as to whether the conditions of the actual event and the experiment are dissimilar, and the significance of any dissimilarities, is also left to the discretion of the trial court. Baker, supra, at 321. Abuse of discretion connotes more than an error of law or fact; it implies an attitude that is unreasonable, arbitrary, or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157.
The admission of experimental evidence is also subject to other pertinent evidentiary rules, including Evid.R. 403(B) which states:
 "(B) Exclusion discretionary. Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." (Emphasis added).
The exclusion of evidence on the basis that it is cumulative is also reviewed for abuse of discretion. State v. Campbell (1994),69 Ohio St.3d 38, 51; State v. Williams (Sept. 28, 1999), Noble App. No. 245, unreported.
In addition to the above, errors predicated on the exclusion of evidence will not merit reversal unless, "a substantial right of the defendant was affected or he was materially prejudiced by the exclusion."State v. Jones (1992), 83 Ohio App.3d 723, 730; Evid.R. 103; Crim.R. 52(A).
The trial court excluded the videotape of the telephone tests for a variety of reasons; that it was confusing, lacked a proper foundation, would not assist the jury and that it was cumulative evidence. (Tr. Vol. III, 89-91). We find no abuse of discretion in the decision of the trial court or its reasoning.
Appellant testified that he had done some research to find a portable phone similar to the one that was supposedly handed to him on the morning of the crime. (Tr. Vol. III, 49-50). He testified that he found a phone which operated at a radio frequency of 900 Megahertz which was similar to the phone he used. (Id. at 50).
Appellant called Deputy Ladimer Chesnick of the Monroe County Sheriff's Department to testify that Chesnick and Deputy Randy Gardner conducted an experiment in which they plugged a 900 Megahertz phone into a phone jack at the victims' residence and tested how far the handset would operate. (Id. at 86-88). He testified that the handset worked properly from the spot where Appellant's car had broken down. (Id. at 87).
The videotape which was excluded from evidence contained performance tests of two portable phones, one of which was a 900 Megahertz unit. The videotapes show two men supposedly making phone calls on the portable phones. The audio track of the tape did not record the incoming voice transmission, so it actually appears as if the experiment failed.
The trial court did not abuse its discretion in excluding the videotape as cumulative evidence because Deputy Chesnick had already testified about an almost identical experiment and had concluded that a portable phone could perform as Appellant claimed. Furthermore, Appellant was not prejudiced by the exclusion because equivalent, if not superior, evidence of the possible range of a 900 Megahertz portable phone was already in the record at the time the trial court excluded the videotape. Also, the trial court did not abuse its discretion in finding the videotape to be confusing to the jury because there was no evidence in the record that the alleged phone that Appellant used was the same as those used in the videotape. Appellant could not recall what type of phone he allegedly used, other than that it was white with grey keys and that it was not a cellular phone. (Tr. Vol. III, 41). The jury could have easily misunderstood the video demonstration as a portrayal of the actual phone used by Appellant, or as corroboration that such a phone existed. Finally, because the video does not actually show that the phones operated properly, the jury could have easily been confused as to the purpose of the video.
For the aforementioned reasons, we find that Appellant's first assignment of error is without merit.
Appellant's second assignment of error alleges:
 "The Trial Court abused its discretion in sentencing the Defendant-Appellant to the maximum prison terms on both charges as the Court did not consider all of the factors in accordance with Ohio Revised Code § 2929.12"
Appellant contends that the trial court's sentence, which imposed the maximum prison term for each count and ran each term consecutively, failed to take into account all of the required sentencing factors listed in R.C. § 2929.12. Based on the record before us, we agree with Appellant's contention.
Appellant argues that the trial court failed to follow the sentencing guidelines set forth in R.C. § 2929.12. In 1995, the Ohio General Assembly adopted Am.Sub.S.B. No. 2, a comprehensive act which restructured Ohio's felony sentencing law. The adoption of Am.Sub.S.B. No. 2 altered appellate review of felony sentencing. "Prior to the adoption of Am.Sub.S.B. No. 2, an appellate court did not disturb a trial court's imposition of sentence when it was within the statutory limits absent an abuse of discretion. Additionally, if the record was silent, the sentencing court was presumed to have considered the seriousness factors as well as any aggravating or mitigating circumstances." Statev. Pickford (Feb. 22, 1999), Jefferson App. No. 97-JE-21, unreported (citations omitted); see also State v. Huff (Nov. 20, 2000), Jefferson App. No. 98-JE-23, unreported.
Felony sentences are no longer reviewed under the abuse of discretion standard and we no longer presume that the sentencing court considered the seriousness or recidivism factors set forth in R.C. § 2929.12
when we are presented with a silent record. Id.; R.C. §2953.08(G)(1)-(2); R.C. § 2929.14. The guidelines and procedures for appellate review of felony sentences are found in R.C. § 2953.08. R.C.§ 2953.08(G)(2) provides that a reviewing court may increase, reduce or otherwise modify a felony sentence, or may vacate the sentence and remand the matter to the trial court for resentencing, if it clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law. We are also required to remand the case for resentencing if we determine that the trial court failed to make the findings required by R.C. § 2929.13(B) with respect to sentences imposed for fourth and fifth degree felonies. R.C. § 2953.08(G)(1).
Appellant argues that the trial court failed to thoroughly consider all of the sentencing factors listed in R.C. § 2929.12. R.C. §2929.12(A) states:
 "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
The trial court is not required to use special talismanic language to satisfy the requirement that it consider the seriousness and recidivism factors in R.C. § 2929.12. State v. Arnett (2000), 88 Ohio St.3d 208,215. A trial judge may satisfy his or her duty under R.C. § 2929.12
with nothing more than a rote recitation that the applicable factors were considered. Id.
The trial court stated in its sentencing entry that it considered the factors listed in R.C. § 2929.12 and found that Appellant had a history of criminal convictions and showed no remorse for the crimes. These two factors are mentioned in R.C. § 2929.12(D)(2) and (5). The trial judge stated at the sentencing hearing that he considered all the factors in R.C. § 2929.12. (3/8/99 Tr., 15). The record reflects that the trial judge satisfied the requirements of R.C. § 2929.12(B)-(E).
R.C. § 2929.12(A) also requires the trial court to consider the sentencing factors in R.C. §§ 2929.13 and 2929.14 when they are applicable. A variety of those sentencing factors applies to the instant case.
R.C. § 2929.13(B) lists factors which the sentencing court must consider when sentencing for fourth or fifth degree felonies:
 "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 "(a) In committing the offense, the offender caused physical harm to a person.
 "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
"(g) The offender previously served a prison term.
 "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 "(i) The offender committed the offense while in possession of a firearm."
(Emphasis added).
R.C. § 2929.19(B)(2)(a) requires the sentencing court to give its reasons for imposing a prison term for a fourth or fifth degree felony and to list any factors from R.C. § 2929.13(B)(1) which the court finds applicable.
R.C. § 2929.19(B)(2)(c) requires the trial court to make findings and give reasons for selecting the sentence imposed if it imposes consecutive sentences. In this regard, R.C. § 2929.14(E)(3) states:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offense while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
(Emphasis added).
R.C. § 2929.14(B) creates a presumption against imposing a prison term on first-time felony offenders and requires the sentencing court to make additional findings:
 "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
(Emphasis added).
R.C. § 2929.14(C) sets out another requirement for the sentencing court when imposing a maximum prison term:
 "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
(Emphasis added).
The aforementioned sentencing provisions all apply to Appellant's sentence because he was convicted of a fourth degree and a fifth degree felony, and because the trial court sentenced him to two maximum prison terms with consecutive sentences.
The record does not contain any indication that the trial court considered the required factors found in R.C. § 2929.13(B)(1) for sentencing a fourth or fifth degree felon. It is possible that the trial court assumed that its discussion of Appellant's prior criminal record satisfied the factor found in R.C. § 2929.13(B)(1)(g) which requires the court to consider whether the offender previously served a prison term. The trial court did consider Appellant's rather extensive prior criminal record, including nineteen crimes committed under the name of Dennis Marks and twelve crimes committed under the name of Dennis Warren, all within a six-year period. (3/8/99 Tr., 15). The record does not reflect that the trial court considered whether any of those crimes actually resulted in a prison term. We cannot assume that because Appellant was involved in thirty-one crimes in six years that he must have served a prison term.
As previously mentioned, R.C. § 2953.08(G)(1) requires us to remand the case for resentencing if the record fails to show that the trial court considered the factors in R.C. § 2929.13(B). Because there is neither a general statement in the record that the trial court considered the factors in R.C. § 2929.13(B), nor any indication that the court considered any particular factor, we must remand this case for resentencing.
The record does reveal that the trial court made the required finding listed in R.C. § 2929.14(B) for imposing prison on a first-time felon, namely, that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime. (3/8/99 Tr., 15). There is no further requirement that the trial court explain its findings in imposing prison on a first-time felon. State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus.
In imposing a maximum sentence, the trial court is required to make one of the findings mentioned in R.C. § 2929.14(C) and to give its reasons for making the finding. Edmonson, supra, at 328. R.C. §2929.14(C) allows a trial court to impose a maximum sentence on offenders who pose the greatest likelihood of committing future crimes. The trial court found that Appellant posed the greatest likelihood of committing future crimes based on his extensive criminal record. The trial court's findings and related analysis satisfy the statutory sentencing requirements for imposing a maximum sentence.
In order to impose consecutive sentences pursuant to R.C. §2929.14(E)(3) the trial court was required to find: (1) that consecutive sentences are necessary either to protect the public from future crimes or to punish the offender; (2) that consecutive sentences are not disproportionate to seriousness of the offender's conduct and to the danger the offender poses to public; and (3) one of the three findings listed in R.C. § 2929.14(E)(3)(a)-(c). The trial court specifically made the first two findings, and also found that Appellant's sentence was necessary to protect the public from future crimes because of his extensive criminal record, which satisfied R.C. § 2929.14(E)(3)(c). The trial court's findings in this respect satisfy the sentencing requirements for imposing consecutive sentences.
Because the trial court failed to satisfy the statutory requirements in R.C. § 2929.13(B) for imposing a fourth or fifth degree felony prison sentence, we find Appellant's second assignment of error to be partially meritorious.
In light of the foregoing analysis, we overrule Appellant's first assignment of error, partially sustain the second assignment of error, and remand this case to the trial court for resentencing consistent with law and this Opinion.
 _________ WAITE, J.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.